DEPEW GILLEN RATHBUN & MCINTEER LC
8301 E. 21ST STREET, SUITE 450
WICHITA, KANSAS 67206
(316)262-4000

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ROBERT BRUCE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. |
| | ) | |
| DEPUTY BLAINE BLACKBURN | ) | |
| and DEPUTY BAILEY LUCK | ) | |
| Defendants | ) | |
| | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Robert Bruce, by and through his attorneys and for his claims for relief against the Defendants, alleges and states as follows:

### Jurisdiction and Venue

1. Jurisdiction is conferred by 28 U.S.C. § 1331 and 1343, which provides for original jurisdiction of this Court in suits based respectively on federal questions and authorized by 42 U.S.C. § 1983, to redress the deprivation under color of state law, statute, ordinance, regulation, custom or usage of any right, privilege, or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

2. Plaintiff's action for damages is authorized by:

a.    42 U.S.C. § 1983, which provides for redress for the deprivation under color of any state statute, ordinance, regulation, custom or usage of any state or territory rights, privileges or immunities secured to all the citizens or persons within the jurisdiction of the United States;

b.    the Fourth and Fourteenth Amendments of the United States Constitution, and;

c.    42 U.S.C. § 1988, which authorizes Plaintiff's application for attorney fees and provides that a court may award reasonable attorney fees as part of costs in any action or proceeding to enforce a provision of 42 U.S.C. § 1983.

3. Defendants' actions and omissions and failures as well as the events giving rise to the claim all occurred in Harper County, Kansas.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

*Parties*

4. Plaintiff is a resident of Harper County, Kansas.

5. At all times relevant to this matter, Harper County Deputies Bailey Luck and Blaine Blackburn were employed by the Harper County Sheriff's office and acting in their official capacity as deputies and acting under color of state law. The actions and omissions and failures of Deputies Luck and Blackburn

demonstrate their deliberate indifference to the safety and welfare of the Plaintiff, to Constitutional protections, and Harper County Sheriff's Policies on use of force and state law.  Accordingly, Deputies Luck and Blackburn are liable under the Civil Rights Act of 1871, 42 U.S.C. §1983 et seq. for damages caused to Plaintiff.

6.     On May 13, 2025, at approximately 9:00 p.m., Harper County Deputies Blaine Blackburn and Bailey Luck,  along with other deputies and Anthony police officers, acting under color of state law, arrested Plaintiff without probable cause of a criminal offense as he was out on a walk that evening. Plaintiff was charged with two severity level 5 drug felonies and a class B misdemeanor, and held in jail a total of forty-two (42) days before the Harper County Attorney dismissed all charges and released Plaintiff from jail—the day before a scheduled preliminary hearing.

*Background*

7.     Plaintiff and his son went for a walk at around 9:00 p.m. on the evening of May 13, 2025.  Plaintiff and his son left their home at 401 S. Springfield (on the corner of Springfield and Evans in Anthony, Kansas) through the garage.  They entered the sidewalk of Lincoln Street, and proceeded southbound. Plaintiff is disabled and walks with a cane.



8.     When Mr. Bruce arrived at 420 S. Lincoln, he had to leave the sidewalk to walk around a car.  A resident of that property blocked the sidewalk with one of his vehicles, as demonstrated below.  The plaintiff walked around the vehicle to his right, as a tree prevented him from walking to the left.  Plaintiff had not passed by the car entirely before law enforcement officers were ordering him to "Get on the ground. Get on the Fucking ground."  Defendant Deputy Bailey Luck announced on his radio: "I got one."

*Bruce Spends 42 days in Jail on Bogus Charges*

9.     Sheriff's deputies from Harper County and Police Officers from Anthony, Kansas jointly executed a search warrant on the residence of 420 S. Lincoln that night, based on a belief that one of the residents—"the main suspect"–was traveling to Wichita "once or twice a week to purchase narcotics." There was no warning to individuals passing by the residence that a raid was in

progress, and law enforcement officials had not set up barriers or posted officers to prevent individuals from entering the property during the raid.  When Plaintiff walked onto the property to get around the car, he was arrested, thrown to the ground and physically injured by deputies and officers.

10.    Deputy Luck pressed Plaintiff's right shoulder into the pavement and twisted Plaintiff's right arm behind his back until Plaintiff heard a popping sound and felt excruciating pain. Luck hand-cuffed Plaintiff and picked him up by his right arm. Luck then sat Plaintiff  on the front porch of the residence.  Despite Plaintiff's protest that he was just walking by, he was detained until drugs were found in the house and in a camper in the back yard.  Plaintiff was then told he was under arrest for possession of narcotics, and transported to the Harper County jail where he was confined for forty-two days.

11.    The Plaintiff was arrested, charged and jailed on nothing more than inchoate and unparticularized suspicion or hunch of criminal activity, based on the Plaintiff stepping onto the property as he walking by, Plaintiff allegedly "frequent[ing] the residence", and Deputy Blackburn's "belief" that the Plaintiff had just left the residence.  The affidavit in support of the search warrant provided no information that would warrant a belief that the Plaintiff was involved in drug activity.  Plaintiff was not found in possession of drugs or contraband after his arrest.  Law enforcement officers had not witnessed the

Plaintiff engaged in any criminal drug activity at that residence or any other location.

12.    The affidavit in support of the search warrant does not even mention Plaintiff by name or in any way refer to him as a known participant in drug activity.   Rather it mentions the names of three males who resided at the home, and a female who was present during a controlled buy.  According to the affidavit in support of the search warrant application, a confidential informant participated in a controlled buy from the residence.

13.    Based on the purchase of drugs from one of the residents, and information provided by the confidential informant, a search warrant was obtained.  Prior to the search, officers had not received any information suggesting Plaintiff was a part of the drug activity at 420 S. Lincoln, Anthony, Kansas.  These officers acted based on  nothing more than Plaintiff's mere presence in the yard of property where drugs were located.

14.    In the affidavit in support of Plaintiff's arrest, Defendant Blaine Blackburn swore upon oath that he observed Plaintiff step off of the front porch of house.  This was an out and out prevarication.  Curiously, there is no bodycam video recording of Plaintiff ever entering or exiting the house, or even standing on the porch.  The only time Plaintiff was on the porch was after he had been arrested and sat there by Deputy Luck.

15.     The actions and omissions and failures of the defendants violated Plaintiff's constitutional rights under the Fourth  and Fourteenth Amendments to the United States Constitution. The actions and omissions and failures are set forth hereinafter. Defendants Deputy Blackburn and Deputy Luck, and other law enforcement officers arrested Plaintiff without the requisite probable cause, violating Plaintiff's Fourth Amendment rights. In making the arrest, the law enforcement officers used excessive force, also in violation of the Fourth Amendment.

16.     Mr. Bruce was charged with two felony drug offenses and a misdemeanor offense; he was physically injured and permanently impaired during the arrest; and he was held in jail for 42 days, all without probable cause to support the arrest and detention.  The false imprisonment of Plaintiff violated Plaintiff's right to Due Process under the Fourth and Fourteenth Amendment. Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff seeks damages, attorney's fees and costs as a result of the violations of his constitutional rights.

17.     Defendant Blackburn caused the malicious prosecution of the plaintiff which resulted in his continued confinement in the Harper County Jail for 42 days until a pending preliminary hearing resulted in the dismissal of the bogus charges.  In his affidavit, Blackburn swore that Mr. Bruce committed the following crimes:

1.     Possession of opiate, opium, narcotic of certain stimulant;

7

2.    Possession of opiate, opium, narcotic or certain stimulant; and

3.    Use/possess with the intent to use drug paraphernalia.

18.    The allegations in the affidavit in support of the arrest and detention of the plaintiff were patently false and fabricated with the malicious intent to jail the plaintiff.  There was no probable cause to support the arrest, confinement and prosecution of the plaintiff–as demonstrated by the dismissal of the charges against plaintiff before the judge could put the case out of its mercy at the preliminary hearing.  The malicious prosecution constituted an illegal seizure under the Fourth Amendment.

19.    Defendants Luck and Blackburn, acting under color of state law, arrested, charged and jailed Plaintiff on nothing more than inchoate and unparticularized suspicion or hunch of criminal activity.  According to Defendant Blackburn's arrest Affidavit, the arrest was based on Plaintiff stepping onto the property, Plaintiff allegedly "frequent[ing] the residence", and Deputy Blackburn's "belief" that the Plaintiff had just left the residence.

20.    The affidavit provided no information that would warrant a reasonable officer's belief that the Plaintiff was involved in drug activity. Plaintiff was not seen in the house; not seen purchasing drugs; not seen in possession of drugs; and was not known to have prior convictions for drug offenses. The

controlled buy that led to a warrant and the search of the residence did not involve Plaintiff.

21.    Plaintiff was merely on a walk when he was arrested.  He unsuspectingly passed by 420 S. Lincoln during a police raid.  Plaintiff only knew the residents of 420 S. Lincoln as individuals from whom he had purchased scrap metal for his lawn ornament business—nothing more--and he was not visiting the house that evening.

22.    Defendants Luck's and Blackburn's arrest of Plaintiff, and their excessive use of force was in violation of Department policy, training, state statute, and the Fourth Amendment prohibition of unreasonable seizures, and demonstrates a deliberate indifference to the safety and welfare of Plaintiff. Defendants Luck and Blackburn knew or should have known that their conduct violated Department policy, clearly established statutory law, and Constitutional law.

23.    Plaintiff was deprived of his right to privacy and right to be free of arbitrary and discretionary arrest by Defendants Luck and Blackburn.  Moreover, Deputy Luck used unreasonable, excessive, indiscriminate and unusually cruel force. The Plaintiff was unarmed, non-threatening, handicap and walking with a cane. Plaintiff did not pose a threat to the safety of Defendant Luck, or to any other person; yet, Plaintiff was permanently injured by this Defendant. As a result of Luck's excessive force, Plaintiff suffered the following damages:

Partial tear of the rotator cuff tendon;
Bruising and cuts;
Past and Future Pain and Suffering;
Emotional distress;
Deprivation of liberty;
Past and future medical bills;
Permanent impairment of function and disability to the right shoulder.

24. Finally, the due process clauses of the Fourth or Fourteenth Amendment offer protection against arbitrary governmental action by federal or state authorities, and these two Amendments came into play when this plaintiff found himself in the criminal justice system somewhere between the two stools of an initial seizure and post-conviction punishment. Defendants' imprisonment of Plaintiff for 42 days was a violation of the Fourth and Fourteenth Amendments.

25. The actions, omissions and failures of Defendants Harper, Luck and Blackburn were the cause both legally and proximately of a constitutional violation, permanent and progressive physical injuries, past and future pain and suffering, and past and future medical bills to Plaintiff. Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights. Accordingly, Defendants are liable in their official capacity under the Civil Rights Act of 1871, 42 U.S.C. §1983 et seq. for damages caused to Plaintiff, including but not limited to the rights inured under the Constitution.

*State Court Claims*

26. All prior paragraphs are incorporated by reference herein. Defendants Luck and Blackburn knew or should have known that the Fourth Amendment and K.S.A. 22-2401 demand that all arrests and jailing of citizens be supported by probable cause to believe that the arrestee committed or is committing a crime. These defendants failed to follow the prescriptions of Constitutional and statutory law on arrest, and arrested

10

Plaintiff without probable cause. The restraint of the personal freedom of Plaintiff without legal justification was a breach of legal duty.  No reasonable officer would have believed he had probable cause to arrest the Plaintiff.   No resident of 420 S. Lincoln stated that Plaintiff had just left their house, or that he often came to the house. Instead, Blackburn swore to a "belief" Plaintiff came from the house.

27.     No officer has produced a video recording of Bruce stepping anywhere near the front door of the residence.  After arresting and searching the person of Plaintiff, no drugs, weapons, contraband  or evidence of drug involvement was found. There was no controlled buy involving Plaintiff, no surveillance of Plaintiff involved in drug activity, and no confidential informant providing evidence against Plaintiff.  The negligence of these defendants resulted in the false arrest and false imprisonment of the Plaintiff.

28.  All prior paragraphs are incorporated herein.  Deputy Luck applied handcuffs to Mr. Bruce using excessive force and causing a rotator cuff tear and other physical and psychological injuries.  The force amounted to an unprivileged touching, done with the intent to bring about the harmful and offensive contact.

**WHEREFORE**, and by reason of the foregoing, Plaintiff respectfully prays for judgment in his favor and requests the following relief:

i. That this Court assume jurisdiction over this cause of action to determine this controversy and set this case for hearing on the merits.

ii.  The award of compensatory damages to Plaintiff for the violation of civil rights and state law in the amount of $2,750,000.

iii. Pursuant to 42 U.S.C. § 1988, allow for Plaintiff costs, expenses and attorney fees, and also grant such alternative relief as may seem to the Court just, proper and equitable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Wichita, Kansas as the place of trial.

Respectfully Submitted,

DEPEW GILLEN RATHBUN & MCINTEER LC

/s/ Randall K. Rathbun
Randall K. Rathbun, Kan. Sup. Ct. No. 09765
8301 E 21st Street N., Suite 450
Wichita, Kansas 67206-2936
316-262-4000
Randy@depewgillen.com

and

/s/ Mark T. Schoenhofer
Mark T. Schoenhofer, Kan. Sup. Ct. No. 15781
Attorney for Plaintiff
1631 E. 1st Street
Wichita, Kansas 67214
316-262-5400
Fax: 316-262-1787
mydefensefirst@yahoo.com

## REQUEST FOR TRIAL BY JURY

Comes now the Plaintiff and respectfully makes request for trial by jury on all issues herein above joined.

/ Randall K. Rathbun
Randall K. Rathbun #09765

12